Case: 37CI1:19-cv-00009-AM    Document #: 1    Filed: 01/28/2019    Page 1 of 2

IN THE **Circuit** COURT OF **Lamar** COUNTY, MISSISSIPPI

**15th** JUDICIAL DISTRICT, CITY OF _____

Docket No. **19** - _____ _____
File Yr          Chronological No.    Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94 _____

### PLAINTIFFS IN REFERENCED CAUSE - Page 1 of ___ Plaintiffs Pages
### IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Plaintiff #2:**

**Individual:** **Williams**          **Mary**          ( **Perry** )          **A.**          _____
                    Last Name              First Name          Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
                    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Plaintiff #3:**

**Individual:** **Walter**          **Carria**          ( **Williams** )          _____          _____
                    Last Name              First Name          Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
                    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Plaintiff #4:**

**Individual:** _____ _____ ( _____ ) _____ _____
                    Last Name              First Name          Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
                    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

FILED

LAMAR
COUNTY    **JAN 28 2019**    CIRCUIT
CLERK


EXHIBIT
**A**

Case: 37CI1:19-cv-00009-AM   Document #: 1   Filed: 01/28/2019   Page 2 of 2

| COVER SHEET | Court Identification Docket # | Case Year | Docket Number |
|---|---|---|---|
| Civil Case Filing Form | 3 7 C I 1 | 2 0 1 9 | 0 0 9 |
| *(To be completed by Attorney/Party Prior to Filing of Pleading)* | County ID  Judicial District  Court ID (CH, CI, CO) | | Local Docket ID |
| | 0 1 2 | | |
| Mississippi Supreme Court        Form AOC/01 | Month  Date  Year | | |
| Administrative Office of Courts        (Rev. 2016) | * This area is to be completed by clerk | | Case Number, if filed prior to 1/1/94 |

In the **Circuit** Court of **Lamar** County — **MS** Judicial District

**Origin of Suit** (Place an "X" in one box only)
- [x] Initial Filing
- [ ] Reinstated
- [ ] Foreign Judgment Enrolled
- [ ] Transfer from Other court
- [ ] Other
- [ ] Remanded
- [ ] Reopened
- [ ] Joining Suit/Action
- [ ] Appeal

**Plaintiff** - Party Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

Individual  **Williams**                    **Dennis**                                    **K**
    Last Name                          First Name            Maiden Name, if applicable      M.I.      Jr/Sr/III/IV

_____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

_____ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

Business _____
    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
_____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

Address of Plaintiff _____

Attorney (Name & Address) _____        MS Bar No. **10145**
_____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney.
Signature of Individual Filing: _____

**Defendant** - Name of Defendant - Enter Additional Defendants on Separate Form

Individual _____
    Last Name                          First Name            Maiden Name, if applicable      M.I.      Jr/Sr/III/IV

_____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

_____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

Business  **Community Bank, Ellisville et al.**
    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
_____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A _____

Attorney (Name & Address) - If Known _____        MS Bar No. _____

_____ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit** (Place an "X" in one box only)

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| ☐ Child Custody/Visitation | ☐ Accounting (Business) | ☐ Adoption - Contested | ☐ Adverse Possession |
| ☐ Child Support | ☐ Business Dissolution | ☐ Adoption - Uncontested | ☐ Ejectment |
| ☐ Contempt | ☐ Debt Collection | ☐ Consent to Abortion Minor | ☐ Eminent Domain |
| ☐ Divorce: Fault | ☐ Employment | ☐ Removal of Minority | ☐ Judicial Foreclosure |
| ☐ Divorce: Irreconcilable Diff. | ☐ Foreign Judgment | ☐ Other _____ | ☐ Lien Assertion |
| ☐ Domestic Abuse | ☐ Garnishment | **Civil Rights** | ☐ Partition |
| ☐ Emancipation | ☐ Replevin | ☐ Elections | ☐ Tax Sale: Confirm/Cancel |
| ☐ Modification | ☐ Other _____ | ☐ Expungement | ☐ Title Boundary or Easement |
| ☐ Paternity | **Probate** | ☐ Habeas Corpus | ☐ Other _____ |
| ☐ Property Division | ☐ Accounting (Probate) | ☐ Post Conviction Relief/Prisoner | **Torts** |
| ☐ Separate Maintenance | ☐ Birth Certificate Correction | ☐ Other _____ | ☐ Bad Faith |
| ☐ Term. of Parental Rights - Chancery | ☐ Mental Health Commitment | **Contract** | ☒ Fraud |
| ☐ UIFSA (eff 7/1/97; formerly URESA) | ☐ Conservatorship | ☐ Breach of Contract | ☒ Intentional Tort |
| ☐ Other _____ | ☐ Guardianship | ☐ Installment Contract | ☐ Loss of Consortium |
| **Appeals** | ☐ Heirship | ☐ Insurance | ☐ Malpractice - Legal |
| ☐ Administrative Agency | ☐ Intestate Estate | ☐ Specific Performance | ☐ Malpractice - Medical |
| ☐ County Court | ☐ Minor's Settlement | ☐ Other _____ | ☐ Mass Tort |
| ☐ Hardship Petition (Driver License) | ☐ Muniment of Title | **Statutes/Rules** | ☒ Negligence - General |
| ☐ Justice Court | ☐ Name Change | ☐ Bond Validation | ☐ Negligence - Motor Vehicle |
| ☐ MS Dept Employment Security | ☐ Testate Estate | ☐ Civil Forfeiture | ☐ Premises Liability |
| ☐ Municipal Court | ☐ Will Contest | ☒ Declaratory Judgment (two) | ☐ Product Liability |
| ☐ Other _____ | ☐ Alcohol/Drug Commitment (Involuntary) | ☐ Injunction or Restraining Order | ☐ Subrogation |
| | | ☐ Other _____ | ☐ Wrongful Death |
| | | | ☐ Other _____ |

☐ Alcohol/Drug Commitment (Voluntary)
☐ Other _____

*(stamp:)* FILED  JAN 28 2019  LAMAR COUNTY CIRCUIT CLERK

# IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

DENNIS WILLIAMS, MARY ANN
WILLIAMS and CARRIA WILLIAMS
WALTER

                                  **PLAINTIFFS**

vs.                         CAUSE NO. 37.19CV009

COMMUNITY BANK, ELLISVILLE,
COMMUNITY BANCSHARES OF
MISSISSIPPI, INC., COMMUNITY
OPERATIONS, INC., SETH MILES
and DOES 1 through 10                         **DEFENDANTS**

*FILED*

LAMAR COUNTY JAN 28 2019 CIRCUIT CLERK

## COMPLAINT FOR DECLARATORY, INJUNCTIVE AND OTHER RELIEF
### (Jury Trial Demanded)

Plaintiffs Dennis Williams, Mary Ann Williams ("Mr. and Mrs. Williams") and Carria Williams Walter (sometimes collectively, "the Williamses" or "Plaintiffs") file this Complaint seeking declaratory, injunctive and other relief against Defendants Community Bank, Ellisville, Community Bancshares of Mississippi, Inc., Community Operations, Inc., Seth Miles and Does 1 through 10 (sometimes collectively, "the Bank" or "Defendants"), and for cause of action state as follows:

## INTRODUCTION

1.     Plaintiffs bring this action pursuant to Rule 57 of the Mississippi Rules of Civil Procedure, seeking a judicial determination of the respective rights and liabilities of the parties under a promissory note, two deeds of trust and other documents (collectively, "the loan documents") in connection with a loan the Bank made to them on January 28, 2016 ("the loan transaction" or "the loan").

2.     An actual controversy has arisen and now exists between Plaintiffs and the Bank regarding the loan transaction and the loan documents, as the Bank claims that the Williamses owe almost $170,000 pursuant to the loan transaction and the terms of the loan documents, but Plaintiffs

disclaim any obligation or liability on the ground that Defendants have engaged and continue to engage in predatory lending practices and unfair and deceptive acts and practices in violation of the Mississippi and federal consumer protection laws identified in this Complaint (collectively, "the consumer protection laws"). *See infra* ¶ 71 (identifying laws); *see also infra* ¶¶ 15-17 ("Preliminary Statement").

3.     Plaintiffs therefore request a declaration judgment regarding the parties' respective rights, liability and/or obligations under the loan documents, loan and loan transaction in which the Court determines and declares:

a.     Whether the consumer protection laws applied to and governed the loan, the loan transaction, and the actions, rights, duties and liabilities of the parties before and during the loan transaction;

b.     Whether the consumer protection laws continue to apply to and govern the actions, rights, duties and liabilities of the parties in connection with the servicing and other activities in connection with the loan;

c.     Whether the actions and inactions of the Defendants alleged in this Complaint violate the consumer protection laws; and

d.     Whether Plaintiffs are entitled to relief and, if so, a declaration of the relief to which they are entitled.

## PARTIES

4.     Plaintiff Dennis Williams is an adult resident citizen of Lamar County, Mississippi, residing at 3690 Highway 589, Sumrall, Mississippi, and is the husband of Plaintiff Mary Anne Williams.



LAMAR COUNTY   JAN 28 2019   CIRCUIT CLERK

2

5.    Plaintiff Mary Ann Williams is an adult resident citizen of Lamar County, Mississippi, residing at 3690 Highway 589, Sumrall, Mississippi, and is the wife of Plaintiff Dennis Williams.

6.    Plaintiff Carria Williams Walter is an adult resident citizen of Lamar County, Mississippi, residing at 142 Bellegrass Boulevard, Hattiesburg, Mississippi, and is the daughter of Plaintiffs Dennis and Mary Ann Williams.

7.    Defendant Community Bank, Ellisville ("CBE"), formerly Farmers and Merchants Bank, is one of several affiliate banking companies owned by the bank holding company called Community Bancshares of Mississippi, Inc., which has assets exceeding $3,000,000,000, over 750 employees and 47 offices in four states.

    a.    CBE has its principal place of business at 909 North 16th Avenue, Laurel, Mississippi 39440, and pursuant to Miss. R. Civ. P. 4(d)(4) may be served with process upon Bobby Knox, an officer and director of CBE, at 300 W. Jessamine, Ellisville, Mississippi 39437.

    b.    CBE is a subsidiary of Community Bancshares of Mississippi, Inc., as defined by Miss. Code Ann. § 81-8-1(n) and 12 U.S.C. § 1841(d), and is controlled by Community Bancshares of Mississippi, Inc. pursuant to 12 U.S.C. § 1841(a)(2).

    c.    CBE is directly and vicariously liable for the unlawful acts and omissions alleged in this Complaint.

8.    Defendant Community Bancshares of Mississippi, Inc. ("CBMI") is a Mississippi corporation organized and existing under the laws of the State of Mississippi, which may be served with process upon its agent for service of process, Freddie J. Bagley, at 1255 W. Government Street, Brandon, Mississippi 39042.

FILED

LAMAR COUNTY    JAN 28 2019    CIRCUIT CLERK

     a.     CBMI is a bank holding company as defined by Miss. Code Ann. § 81-8-1(e) and 12 U.S.C. § 1841(a)(1) and has control over CBE pursuant to 12 U.S.C. § 1841(a)(2).

     b.     CBMI is directly and vicariously liable for the unlawful acts and omissions alleged in this Complaint.

9.     Defendant Community Operations. Inc. ("COI") is a Mississippi corporation organized and existing under the laws of the State of Mississippi, which may be served with process upon its agent for service of process. William C. Lehr, at 1255 W. Government Street, Brandon, Mississippi 39042.

     a.     COI is a wholly-owned subsidiary of CBMI and serves the operations needs of CBMI's subsidiaries, including CBE.

     b.     COI is directly and vicariously liable for the unlawful acts and omissions alleged in this Complaint.

10.     Defendant Seth Miles ("Miles") is an adult resident citizen who resides at 2806 Jefferson Drive. Hattiesburg. Forrest County. Mississippi, where he may be served with process at either address.

11.     Defendants Does 1 through 10 are individuals who, individually or in concert with others, at all times relevant to this action formulated. directed. controlled, supervised and/or personally engaged or participated in the wrongful. improper and unlawful acts and practices alleged in this Complaint.

     a.     The identities of Does 1 through 10 are presently unknown to Plaintiffs, but upon information and belief. such individuals include one or more officers, employees, representatives. agents and/or directors of CBE. CBMI, COI and/or REMAX.

FILED

LAMAR COUNTY  JAN 28 2013  CIRCUIT CLERK

4

    b.    CBE, CBMI, COI and/or REMAX are vicariously liable for the unlawful acts and omissions of Miles and others who are at this time identified as Does 1 through 10.

    c.    Additionally, Miles and Does 1 through 10 are individually liable to Plaintiffs because they personally participated in the commission of torts against Plaintiffs.

## JURISDICTION AND VENUE

    12.    The Court has jurisdiction over this case pursuant to MISS. CONST. Art. 6, § 156, and Miss. Code Ann. § 9-7-81.

    13.    The Court's exercise of personal jurisdiction over Defendants is proper under Miss. Code Ann. § 13-3-37.

    14.    Venue is proper in Lamar County, Mississippi, under Miss. Code Ann. § 11-11-3(1)(a)(i), because a substantial act or omission and/or a substantial event that caused the injuries complained of occurred in Lamar County.

## PRELIMINARY STATEMENT

    15.    In this Complaint, Plaintiffs assert their belief that the consumer protection laws apply to and govern the loan transaction, and that the loan documents and the acts and omissions of Defendants alleged herein violate those laws in numerous respects, entitling Plaintiffs to declaratory, injunctive and other relief.

    16.    As a matter of law, Plaintiffs' filing of this action does not constitute anticipatory breach or repudiation of the subject contracts, and nothing stated herein may be construed as a refusal by Plaintiffs, express or implied, to continue to comply with their contractual obligations. *See R.T. Clark & Co. v. Miller*, 122 So. 475, 481 (Miss. 1929) (under Mississippi law, anticipatory repudiation or breach requires "a distinct, unequivocal and absolute refusal to perform"); *see also Principal Life Ins. Co. v. Lawrence Rucker 2007 Ins. Trust*, 674 F. Supp. 2d 562, 568 (D. Del.

5

LAMAR COUNTY    JAN 28 2013    CIRCUIT CLERK

2009) (holding that "an action for declaratory judgment does not indicate an unconditional refusal to comply with contractual obligations" and "join[ing] a chorus of other jurisdictions in finding that ... statements made in the context of a declaratory judgment action are insufficient to establish repudiation as a matter of law"). and *id.* at 568 n.34 (collecting cases); *Harrison v. Cabot Oil & Gas Corp.*, 110 A.3d 178, 184-86 (Pa. 2015) (stating "[i]t is widely recognized ... that the filing of declaratory judgment action merely contesting the validity or scope of an agreement does not entail such an unequivocal refusal to perform" and holding such filing does not constitute anticipatory repudiation or breach). and *id.* at n. 4 (collecting cases); 23 Williston on Contracts § 63:47 (4th ed., Nov. 2018 update) ("[T]he commencement of a declaratory action does not constitute an anticipatory breach because a declaratory judgment action merely seeks to define the rights and obligations of the parties."). and *id.* n. 51 (collecting cases); Restatement (Second) of Contracts § 250 cmt. d (1981) (collecting cases).

17.    At all times. Plaintiffs have fully complied with the terms, conditions and provisions in the loan documents and will continue to honor their contractual obligations in the event of an unfavorable ruling by this Court.

## FACTS

18.    The Williamses built their home at 3690 Highway 589 in Sumrall, Mississippi in 2001, since which time they have resided there and made it their homestead.

19.    The Williamses intended to eventually sell their home and move into a smaller residence after their children grew up and moved away.

20.    In late November or early December 2015, the Williamses became aware of an opportunity to purchase approximately twenty-three (23) acres of vacant land ("the Property") located directly across the highway from their home.

FILED

LAMAR COUNTY   JAN 28 2019   CIRCUIT CLERK

21.     The Property was ideally situated and suited for the Williamses' plans. But the purchase price was $184,000, and the Williamses live on a limited income, as Mr. Williams was (and remains) disabled and receives a fixed monthly disability check, and Mrs. Williams is a retired seamstress. However, despite their limited income, through disciplined, frugal living, the Williamses had managed to pay off all but approximately $20,000 of the mortgage on their home, and they had also worked hard to achieve and maintain high credit scores.

22.     Therefore, the Williamses wanted to buy the Property and discussed how they might be able to do so with their daughter, Carria Williams ("Carria"), perhaps by pooling their collective limited income and assets. Carria told her parents that she knew and trusted a loan officer who worked at the Bank named Seth Miles based on her previous dealings with him. Carria told her parents that she would contact Miles, ask for his advice and guidance, and that they apply for a loan from the Bank where he worked.

23.     Shortly thereafter, Carria contacted Miles and told him that Plaintiffs wanted to purchase the Property. But given the purchase price of the Property and Plaintiffs' financial situation, including their limited income and assets (which Carria fully disclosed), they wanted to apply for a loan from the Bank to buy the Property.

24.     In December 2015 and over the next month, Plaintiffs asked Miles for his advice and an application for them to obtain a loan to purchase the Property.

25.     Plaintiffs told Miles that they were making the application for a loan through the Bank because they trusted him based upon his previous dealings with Carria, and that they would rely upon his advice based upon that trust.

26.     Plaintiffs told Miles that there were two critical requirements that must be met before they could agree to any loan: (a) that they must be able to afford the monthly payments;

7

LAMAR COUNTY   JAN 28 2019   CIRCUIT CLERK

and (b) that the loan be fully amortizing.

27.     Miles ascertained that Mr. and Mrs. Williams had been making mortgage payments on their home in the amount of approximately $1,200 per month, and reassured Plaintiffs that the Bank could make them a loan to buy the Property for approximately the same amount and on the same terms. Miles also reassured Plaintiffs that the loan would be fully amortizing.

28.     Miles stated that the balance of Mr. and Mrs. Williams' mortgage would have to be paid off so that they would not have to continue paying the monthly payments of $1,200 in addition to the payments on the loan to buy the Property.

29.     Miles also informed Plaintiffs that, in addition to the Property, Mr. and Mrs. Williams' home would have to be additional collateral, but that they should not worry because the Bank would release Mr. and Mrs. Williams' home as collateral for the loan in no less than three (3) years.

30.     Plaintiffs had applied to the Bank for a loan and intended to be the borrowers. However, Miles told them that the Bank required the loan to be a "business" loan and that they must form a limited liability company ("LLC") purchase the Property and be the "borrower" on the loan. Miles represented to Plaintiffs that such actions were not only required, but would benefit them because interest rates for commercial loans were lower than consumer mortgage loans, and also that conducting the transaction through an LLC would protect them from individual liability.

31.     Unknown to the Williamses, the Bank's representations were not only false, but made for unlawful purposes.

32.     The Bank knew that it would be grossly overcollateralized by including Mr. and Mrs. Williams' home as collateral for the loan, and that including their home as security for the loan was unnecessary because the value of the Property would adequately secure the loan.

LAMAR
COUNTY   JAN 28 2019   CIRCUIT
CLERK

8

33.    The Bank knew but did not disclose to Plaintiffs that it was violating the prohibition against "asset-based lending" by extending credit to Plaintiffs based on the value of the collateral rather than considering their current and expected income, current obligations and employment status to determine whether they were able to make the scheduled payments to repay the obligation.

34.    Furthermore, the Bank knew but did not disclose to Plaintiffs that it was intentionally structuring the loan transaction for unlawful purposes and for its own benefit, and against the interests of Plaintiffs.

35.    By requiring that the loan be characterized as being made for "business purposes" and that Plaintiffs form an LLC to purchase the Property and be the "borrower" on the loan, the Bank orchestrated and induced the creation of a Single-Purpose-Entity ("SPE").

36.    Plaintiffs had applied for the loan but were re-directed to the SPE-owner/guaranty structure by Defendants.  The Bank required Carria and Mr. Williams to enter into "sham guaranties" in which the legal relationship between them as guarantors and the purported primary borrower/debtor (CAAAW, LLC) did not separate them from the primary obligation, structuring the loan transaction in a manner designed to disguise the primary debtors as guarantors. Defendants structured the loan transaction in this way in an unlawful attempt to subvert the purpose of and circumvent the consumer protection laws.

37.    As the actual principal obligors, Plaintiffs could not as a matter of law "guaranty" their own debt.  Consequently, the purported guaranties are superfluous, unenforceable and of no legal effect.  Moreover, the supposed guaranties signed by Carria and Mr. Williams are ineffective to invalidate Plaintiffs' status as consumers, nor do the purported guaranties circumvent the application of the consumer protection laws or their protections to Plaintiffs.

38.    Defendants orchestration of the formation of a dummy LLC, and their requirement

LAMAR
COUNTY    JAN 28 2019    CIRCUIT
CLERK

that the LLC purchase the Property and be the "borrower" on the loan, was nothing more than a deceitful attempt to shield Defendants from the consumer protection laws and deprive Plaintiffs of consumer claims which Defendants knew Plaintiffs would be entitled to assert based upon the loan documents and Defendants' unlawful actions in connection with the loan transaction.

39.      Defendants also knew but did not disclose to Plaintiffs that their self-serving purpose in requiring that the Property be purchased by an LLC and the loan be made in its name was to create a SPE (or a "bankruptcy remote entity"), whose assets are likely to be exempt from being administered as property of a bankruptcy estate. Thus, another real but undisclosed reason for the Bank's insistence upon the SPE-owner guaranty structure of the loan transaction was to strip Plaintiffs of protections they would ordinarily have as borrowers in the event they had to file for bankruptcy, a structure designed to benefit the Bank to the detriment of Plaintiffs.

40.      Again, Plaintiffs were under the belief that they were entering into a consumer loan transaction, and they were (and are) the *de facto* principal obligors on the loan.  Contrary to Defendants' representations and unbeknownst to Plaintiffs, Plaintiffs not only derived no protection or benefit from the SPE-owner guaranty structure of the loan, but as unconditional, absolute guarantors, they were stripped of numerous important protections that borrowers have.

41.      Defendants' actions also constitute unlawful "steering." After Plaintiffs applied for a consumer loan, the Bank steered them to a loan that was clearly against their interests.  The Bank acted in bad faith by failing to offer Plaintiffs a loan with the lowest rate, lowest cost, and least risky alternatives (e.g., no balloon payments and similar provisions) for which Plaintiffs could reasonably expect to qualify.

42.      Indeed, the Bank steered Plaintiffs to an over-collateralized, asset-based loan that they would clearly be unable to pay, with the expectation that Plaintiffs would default and the

LAMAR
COUNTY  JAN 28 2019   CIRCUIT
CLERK

expectation to profit from their default by seizing the collateral.

43.     Defendants unlawfully failed to even consider the interests of Plaintiffs, and instead deceitfully acted in their own interests in earning greater mortgage origination compensation, making as much money as they could from Plaintiffs, and expecting to further profit from the seizure of both the Property and Mr. and Mrs. Williams' home upon almost certain default.

44.     Among other things, Defendants misrepresented to Plaintiffs that the loan to purchase the Property had terms and payment requirements that were essentially the same as the mortgage being paid by Mr. and Mrs. Williams.

45.     Defendants knew their representations were false and made them for the purpose of inducing Plaintiffs to rely on them.

46.     Defendants also knew that they were not disclosing material facts to Plaintiffs, that Plaintiffs were unaware of those material facts, and did not disclose those material facts to Plaintiffs for the purpose of inducing Plaintiffs to act to their detriment.

47.     Plaintiffs did in fact rely upon Defendants' misrepresentations and nondisclosures of material facts by taking specific actions to their detriment which they would not have otherwise taken had they known the truth.

48.     Plaintiffs did not know how to form an LLC but were given instructions on how to do so by Miles.  Pursuant to those instructions, on December 21, 2015, Plaintiffs formed a Mississippi limited liability company called CAAAW, LLC.

49.     The company was formed at G. Bank's insistence for the sole purpose of purchasing the Property and being the "borrower" on a loan from the Bank. As the Bank intended, CAAAW, LLC was and remains a dummy LLC and an SPE.  Among other things:

LAMAR
COUNTY    JAN 28 2019    CIRCUIT
CLERK

11

a.    The only members of the LLC are Carria Williams, Dennis Williams and Mary Ann Williams;

b.    The LLC's address is the home address of Mr. and Mrs. Williams' home;

c.    The LLC had no business plan, and none was requested by the Bank because it knew the LLC was not a "business";

d.    The LLC had no past or *pro forma* financial statements, and the Bank requested neither because it knew none existed;

e.    The LLC had no assets and, other than being the ostensible "owner" of the Property, has none today; and

f.    The LLC's only "debt" is the loan from the Bank, which is paid each month with a personal check from Mr. and Mrs. Williams, as the company has no bank account.

50.    Pursuant to the Bank's instructions, on December 31, 2015, Plaintiffs cobbled together their money and paid off the remaining $20,460.10 balance on Mr. and Mrs. Williams' home mortgage, about half of which was paid by Carria.

51.    Pursuant to the Bank's instructions, on January 15, 2016, CAAAW entered into a contract to purchase the Property for $184,000.00.

52.    Pursuant to the Bank's instructions, on January 28, 2016, Plaintiffs caused CAAAW to enter into a Promissory Note with the Bank in the amount of $183,788.28, at an interest rate of 4.5%.

53.    Contrary to the Bank's representation, "business" loans do not receive lower interest rates than consumer loans, especially when the loan is fully secured (much less as in this case, where the loan is over-collateralized). Plaintiffs did not receive a lower interest rate by virtue of the Bank's characterization of the loan as a "business" loan.

LAMAR
COUNTY    JAN 28 2019    CIRCUIT
CLERK

54.   Contrary to the Bank's previous representations and assurances, the Note was not fully amortizing. It was a balloon note requiring 59 monthly payments of $1,159.71, followed by a single lump sum payment of $152,746.42 which Plaintiffs would be required to make on the 60th month, which the Bank knew Plaintiffs could not afford to pay.

55.   At no time before, during or in connection with the loan process did the Bank conduct any sort of analysis regarding Plaintiffs' ability to repay the loan in accordance with its terms. The Bank did not consider Plaintiffs' current and expected income, current obligations and/or employment status to determine whether they would be able to make the scheduled payments, much less the lump sum payment of $152,746.42.

56.   Defendants made the loan an "in-house" loan because they knew it was unlawful and could not be sold to third-party mortgage loan purchasers, much less to Fannie Mae and/or Freddie Mac.

57.   The Bank labeled the loan a "Nondiscloseable Loan to a Limited Liability Company" and required Plaintiff to sign a document that the "primary purpose of this loan is for Business (Including Real Estate Investment)."

58.   Without information or input from Plaintiffs, the Bank determined and required that the loan was to be made for a "business purpose." *Determining* the true purpose of a loan – not *pre*-determining and *dictating* its purported "purpose" – is the responsibility of the lender. At no time during the loan origination process did the Bank analyze or consider any factors to determine whether the loan is made for a "business purpose" versus a "consumer purpose." Proper and truthful application of those factors shows that the loan was not for a business purpose. Among other things:

   a.   There was and is no relationship between the occupations of Plaintiffs to

13

LAMAR COUNTY   JAN 28 2019   CIRCUIT CLERK

the acquisition of the Property. Mr. Williams is disabled and has no occupation; Mrs. Williams is a retired seamstress; and Carria is a paralegal.

      b.     Plaintiffs never intended to "personally manage" the Property and have not done so. There is nothing to manage. The Property is vacant land upon which Plaintiffs intend and have always intended to build personal homes. They did not purchase the Property with the intention of developing, subdividing and/or selling it.

      c.     The "ratio of income from the acquisition" to Plaintiffs' total income is *zero*, because Property was not intended to provide and has not provided them with any income.

      d.     The Property was not acquired to expand a business owned by the Williamses. Again, Mr. Williams is disabled and has no business; Mrs. Williams is a retired seamstress; and Carria is a paralegal.

      e.     Plaintiffs' motive for obtaining the loan to purchase the Property was clearly not for any business purpose. Their "statement of purpose" otherwise was required by the Bank as a condition for obtaining the loan.

    59.    The Bank's form, label and or characterization of the loan was intended to evade the consumer protection laws and does not reflect or represent the actual substance and purpose of the loan transaction. The Bank's attempted clever draftsmanship, deceit, subterfuge, camouflage and concealment in the structuring of the instruments and loan transaction to circumvent those laws was and was unlawful, ineffectual, null and void.

    60.    The legislative purpose of the consumer protection laws may not be subverted by the Bank's evasive, deceitful tactics. When looking at the actual purpose and effect of the loan documents, the Court should disregard the Bank's false characterization of the loan and its unlawful structure of the loan transaction.

LAMAR COUNTY   JAN 28 2019   CIRCUIT CLERK

14

61.    The Bank required Mr. Williams and Carria to personally guaranty the loan by signing absolute, unconditional guaranties.

62.    This case presents a classic textbook example of a "*sham guaranty*." Neither Mr. Williams nor Carria is a true guarantor; both are principal obligors in guarantors' guise.

63.    CAAAW, LLC was and is a single-property LLC owned by Plaintiffs formed strictly for the purpose of this loan transaction.

64.    At all times, the Bank was aware that CAAAW, LLC was formed strictly to hold title to the Property. The Bank for its own financial purposes required Plaintiffs to form CAAAW, LLC to hold title to the Property and be the "borrower" on the loan. The Bank required Mr. Williams and Carria to execute guaranties on the loan to acquire the Property.

65.    Prior to extending the loan, to the practically non-existent extent the Bank obtained and considered any financial information regarding qualifications and repayment abilities, it only sought such information from Plaintiffs. The Bank did not issue the loan based upon any qualification of CAAAW, LLC and indeed as on the basis of Plaintiffs' ability to repay the loan.

66.    The reason given by the Bank for creating CAAAW, LLC was a ruse. Contrary to the Bank's representation, the fact that CAAAW was the ostensible "borrower" did not protect Plaintiffs from personal liability or benefit them in any way whatsoever. On the contrary, by signing unconditional, absolute personal guaranties, Plaintiffs forfeited numerous significant rights and protections they would have had as borrowers/primary obligors. As guarantors, the Williamses were exposed to much more personal individual liability than they would have been had they been formally named as borrower.

67.    As a condition for making the loan, the Bank required it to be secured by both the Property to be purchased with the loan proceeds and Mr. and Mrs. Williams' home and the

property on which it is located. The Bank further required that Mr. and Mrs. Williams' home be unencumbered by any lien before it would accept the home as collateral. Per the Bank's demands, Plaintiffs drew from their savings and paid off the approximately $20,000 remaining on their mortgage.

68.     As a result, the loan's "loan to value" (LTV) far exceeded that necessary or required to make the loan.

69.     The Bank did not provide Plaintiffs with any appraisals of Mr. and Mrs. Williams' home or the Property. Had it done so, Plaintiffs would have been aware that the Bank was grossly overcapitalized.

70.     Contrary to the Bank's representation, the loan documents contained no provision which would allow Mr. and Mrs. Williams' home to be released as collateral, much less in three (3) years as expressly represented.

## Count 1
### Declaratory Judgment

71.     Plaintiffs allege that several Mississippi and federal consumer protection laws applied to and governed, and continue to apply to and govern, the loan, loan transaction, and the actions, rights, duties and liabilities of the parties, and that the actions of the Defendants violated and continue to violate those laws, including but not limited to the following:

a.      The Mississippi Unfair and Deceptive Trade Practices Act, Miss. Code Ann. §§ 75-24-1, et seq.;

b.      The Mississippi S. Mortgage Licensing Act, Miss. Code Ann. § 81-18-27;

c.      The Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), 12 U.S.C. §§ 5301, et seq., and implementing regulations set forth in numerous

LAMAR
COUNTY   JAN 28 2019   CIRCUIT
CLERK

sections of the Code of Federal Regulations at CFR";

    d.    The Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 – 1666j, and its implementing regulation, Regulation Z, at 12 CFR §§ 226.1 – 226.36;

    e.    The Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*, and its implementing regulation, Regulation X, at 12 CFR § 1024;

    f.    The Home Ownership and Equity Protection Act of 1994 ("HOEPA"), amending TILA by adding Section 129 of TILA, 15 U.S.C. § 1639, and as implemented by, *inter alia*, 12 CFR §§ 226.31, 226.32 and 226.34;

    g.    The Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691, *et seq.*, and its implementing Regulation B, 12 CFR § 202;

    h.    Section 5 of the Federal Trade Commission ("FTC") Act, 15 U.S.C. § 45(a)(1); and

    i.    The FTC's Credit Practices Rule ("CPR"), at 16 CFR § 444;

72.    Among other things, the consumer protection laws prohibit lenders from engaging in unfair or deceptive acts or practices in which the Bank has engaged in this case.

73.    Plaintiffs seek a declaratory judgment by the Court finding and determining:

    a.    That the Bank and its officers, employees and/or directors knowingly, intentionally or recklessly structured or facilitated the structuring of the loan transaction for the purpose of evading the consumer protection laws. Among other things, Defendants required Plaintiffs to enter into "sham guaranties" in which the legal relationship between them as guarantors and the purported primary borrower/debtor (CAAAW, LLC) did not separate them from the primary obligation, structuring the loan transaction in a manner designed to disguise the primary debtors and guarantors so as to circumvent the consumer protection laws.

17

LLFILED JAN 28 2019 CIRCUIT CLERK

        b.     That the Bank's a[...] to evade the consumer protection laws was unlawful and constitutes a violation of tho[...] and

        c.     That the Bank's attemp[...] to evade the consumer protection laws is null, void and of no effect, and is therefore disregarded and set aside.

74.    Plaintiffs seek a declarato[...] by Court in which it applies the provisions and requirements of the consumer protection [...] to the facts of this case, and finds:

        a.     That the terms, condit[...] and provisions of the loan and the related loan documents violate the consumer protecti[...]

        b.     That the a[...] of the Bank and its officers, employees and/or directors before, during and in connec[...] with the loan transaction violated the consumer protection laws; and

        c.     That the Bank and [...] employees and/or directors have violated and continue to violate the consumer protect[...] their servicing and handling of the loan.

75.    Plaintiffs further seek a declara[...] judgment that the Bank's actions alleged in this Complaint constitute predatory, unfair and [...] lending practices, as defined by the consumer protection laws and other applicable sta[...] rules and common law in connection with the loan transaction.

76.    Plaintiffs also seek a declaratory judgment that the acts and omissions of the Bank and its officers, employees and/or directors:

        a.     Were intentional, reckl[...] or at a minimum negligent or grossly negligent;

        b.     Constitute negligence [...];

        c.     Breached the contr[...] between the parties;

        d.     Rise to the level of in[...] torts, thus constituting tortious breach of

LAMAR
COUNTY  JAN 28 20[...]  CIRCUIT
CLERK

contract;

    e.      Breached the implied covenant of good faith and fair dealing; and

    f.      Constitute fraud, fraud in the inducement or negligent misrepresentation.

77.    Plaintiffs seek a declaratory judgment that the Bank is vicariously liable under the doctrine of *respondeat superior* for the tortious acts and omissions of its officers, employees and/or directors alleged herein.

78.    In addition to the Bank's vicarious liability, Plaintiffs seek a declaratory judgment that one or more of the Bank's officers, employees and/or directors (either identified or referred to herein as "Does 1 through 10") is/are individually liable in accordance with the consumer protection laws and common law by virtue of their personal participation in the commission of the tortious, unlawful acts and omissions alleged herein.

79.    Plaintiffs further seek a declaratory judgment that the actions of the Bank, through one or more of its officers or employees, gave rise to a fiduciary duty between the Bank and Plaintiffs, and that the Bank's acts and omissions alleged herein constitute a breach of the fiduciary duty it owed to Plaintiffs.

80.    Finally, Plaintiffs seek a declaratory judgment in which the Court finds them to be entitled to and accordingly awards them the following relief for engaging in acts and/or practices in violation of the consumer protection laws as alleged herein:

    a.      Rescission or reformation of the subject loan documents;

    b.      Restitution of all monies were unlawfully, unfairly, and/or fraudulently obtained from Plaintiffs or in equity and good conscience Defendants should pay to Plaintiffs;

    c.      Disgorgement of amounts paid by Plaintiffs to the Bank pursuant to the subject loan documents, by which Defendants are unjustly enriched;

LEE R
COUNTY    JAN 28 2019    CIRCUIT
CLERK

      d.     Cancellation of the deeds of trust given to the Bank on Plaintiffs' home located at 3690 Highway 589, Sumrall, Mississippi, and the Property consisting of approximately 23 acres of vacant land as more specifically described hereinbelow, both of which were taken as security for the subject loan;

      e.     Compensatory damages according to proof;

      f.     Prejudgment and post judgment interest at the legal rate;

      g.     A temporary restraining order, and preliminary and permanent injunction against Defendants, restraining, preventing and enjoining them and their unnamed co-conspirators and all those acting in concert with them, from engaging in the unlawful, unfair, and/or fraudulent actions alleged in this Complaint;

      h.     A temporary restraining order and preliminary and permanent injunction against Defendants, restraining, preventing and enjoining them and their unnamed co-conspirators and all those acting in concert with them, from pursuing any collection action for payment of the lines of credit, loans, guaranties and or promissory notes;

      i.     Reasonable attorneys' fees and costs Plaintiffs have incurred and continue to incur in connection with this action; and

      j.     Such other and further legal and equitable relief as the Court may deem just and proper.

[SIGNATURE PAGE FOLLOWS]



Case 2:19-cv-00078-KS-MTP   Document 1-2   Filed 05/15/19   Page 23 of 33

Case: 37CI1:19-cv-00009-AM      Document #: 2      Filed: 01/28/2019      Page 21 of 21

Respectfully submitted on this, the 28th day of January, 2019.

> ENNIS WILLIAMS, MARY ANN
> WILLIAMS and CARRIA WILLIAMS
> WALTER, PLAINTIFFS

BY:

William C. Walter
Miss. Bar No. 10145
_____ wpllc.com

**COUNSEL**
WILLIAM C. WALTER, PLLC
The Horizon Building
43 Town Center Square
Hattiesburg, Mississippi 39402
t 601.909.9393
f 601.336.1653

JAN 28 2019   CIRCUIT CLERK

## IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

**DENNIS WILLIAMS, MARY ANN
WILLIAMS AND CARRIA WILLIAMS WALTER**                    **PLAINTIFFS**

**VS.**                                        **CAUSE NO. 37:19CV009**

**COMMUNITY BANK, ELLISVILLE,
COMMUNITY BANCSHARES OF
MISSISSIPPI, INC., COMMUNITY
OPERATIONS, INC., SETH MILES and
DOES 1 through 10**                              **DEFENDANTS**

### ENTRY OF APPEARANCE

COMES NOW attorney Bradley S. Clanton of Clanton Law Firm, PLLC, and

files this his entry of appearance as counsel for Plaintiffs, Dennis Williams, Mary Ann

Williams and Carria Williams Walter, in the above-styled and numbered cause.

RESPECTFULLY SUBMITTED, this the 24th day of April, 2019.

Plaintiffs,

By Their Attorney,


By:     */s/ Bradley S. Clanton*
        BRADLEY S. CLANTON
        Mississippi Bar No. 10505
        brad@clantonlawms.com
        Clanton Law Firm, PLLC
        Post Office Box 4781
        Jackson, MS 39296
        Tel: 601-487-1212
        E: brad@clantonlawms.com
        www.clantonlawms.com

## **CERTIFICATE OF SERVICE**

This will certify that undersigned counsel for Plaintiffs has this day filed the above and foregoing pleading with the Clerk of the Court, utilizing the Mississippi Electronic Courts (MEC) Electronic Case Filing system (ECF), which sent notification of such filing to all counsel of record.

DATED, this the 24th day of April, 2019.

/s/ Bradley S. Clanton
Bradley S. Clanton

2

IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

DENNIS WILLIAMS, MARY ANN                                    PLAINTIFFS
WILLIAMS AND CARRIA WILLIAMS WALTER

VS.                                                          CAUSE NO. 37:19CV009

COMMUNITY BANK, ELLISVILLE,
COMMUNITY BANCSHARES OF
MISSISSIPPI, INC., COMMUNITY
OPERATIONS, INC., SETH MILES and
DOES 1 through 10                                            DEFENDANTS

SUMMONS

STATE OF MISSISSIPPI
COUNTY OF _____

TO:     Community Bank, Ellisville, Mississippi f/k/a
        Farmers and Merchants Bank
        c/o Bobby Knox
        300 W. Jessamine
        Ellisville, MS 39437

        PLEASE TAKE NOTICE that you have been made a Defendant in the above-referenced action.

        You are required to mail or hand-deliver a written response to the Complaint filed against you in this action

to the Attorney for Plaintiffs, Bradley S. Clanton of Clanton Law Firm, PLLC, 405 Tombigbee Street (39201), P.O.

Box 4781, Jackson, Mississippi 39296.

        Your response must be mailed or delivered not later than thirty (30) days after the date you receive this

Summons.  If your response is not so mailed or delivered, a judgment of default will be entered against you for the

relief demanded in the Complaint.  You must also file your response with the Clerk of Court within a reasonably time

afterward.

        Issued under my hand and seal of said Court, this the 24th day of April, 2019.

                                        MARTIN HANKINS, CIRCUIT CLERK

                                        BY: _____ DC

Issued at the request of:

Bradley S. Clanton
Clanton Law Firm, PLLC
405 Tombigbee Street (39201)
P.O. Box 4781
Jackson, Mississippi 39296
Tel: 601-487-1212
E: _____
_____

## IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

**DENNIS WILLIAMS, MARY ANN
WILLIAMS AND CARRIA WILLIAMS WALTER**                             **PLAINTIFFS**

**VS.**                                                    **CAUSE NO. 37:19CV009**

**COMMUNITY BANK, ELLISVILLE,
COMMUNITY BANCSHARES OF
MISSISSIPPI, INC., COMMUNITY
OPERATIONS, INC., SETH MILES and
DOES 1 through 10**                                            **DEFENDANTS**

**SUMMONS**

STATE OF MISSISSIPPI
COUNTY OF _____

TO:    Community Bancshares of Mississippi, Inc.
      c/o Freddie J. Bagley
      1255 W. Government St.
      Brandon, MS 39042

      PLEASE TAKE NOTICE that you have been made a Defendant in the above-referenced action.

      You are required to mail or hand-deliver a written response to the Complaint filed against you in this action

to the Attorney for Plaintiffs, Bradley S. Clanton of Clanton Law Firm, PLLC, 405 Tombigbee Street (39201), P.O.

Box 4781, Jackson, Mississippi 39296.

      Your response must be mailed or delivered not later than thirty (30) days after the date you receive this

Summons.  If your response is not so mailed or delivered, a judgment of default will be entered against you for the

relief demanded in the Complaint.  You must also file your response with the Clerk of Court within a reasonably time

afterward.

      Issued under my hand and seal of said Court, this the 24th day of April, 2019.

                        MARTIN HANKINS, CIRCUIT CLERK

                        BY: _____, D.C.

Issued at the request of:

Bradley S. Clanton
Clanton Law Firm, PLLC
405 Tombigbee Street (39201)
P.O. Box 4781
Jackson, Mississippi 39296
Tel:  601-487-1212
E: brad@clantonlawms.com
www.clantonlawms.com

## PROOF OF SERVICE - SUMMONS

STATE OF _____
COUNTY OF _____

_____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE, By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B),

_____ PERSONAL SERVICE. I personally delivered copies to _____ on the _____ day of _____, 2019, where I found said person(s) in _____ county of the State of _____.

_____ RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within _____ county, _____ (state). I served the summons and petition with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and petition, and thereafter on the _____ day of _____, 2019, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attached signed return receipt or the return envelope marked "Refused".)

At the time of service, I was at least 18 years of age and not a party to this action.

PROCESS SERVER MUST LIST BELOW:

Name: _____
Address: _____
_____
Telephone No. _____

STATE OF _____

COUNTY OF _____

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service Summons" are true and correct as therein stated.

_____

SWORN TO AND SUBSCRIBED before me on this the _____ day of _____, 2019.

_____
NOTARY PUBLIC

My Commission Expires:

Case: 37CI1:19-cv-00009-AM   Document #: 6   Filed: 04/24/2019   Page 1 of 2

## IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

**DENNIS WILLIAMS, MARY ANN**
**WILLIAMS AND CARRIA WILLIAMS WALTER**                     **PLAINTIFFS**

**VS.**                                                     **CAUSE NO. 37:19CV009**

**COMMUNITY BANK, ELLISVILLE,**
**COMMUNITY BANCSHARES OF**
**MISSISSIPPI, INC., COMMUNITY**
**OPERATIONS, INC., SETH MILES and**
**DOES 1 through 10**                                       **DEFENDANTS**

<strong>SUMMONS</strong>

STATE OF MISSISSIPPI
COUNTY OF _____

TO:    Community Operations, Inc.
       c/o William C. Lehr
       1255 W. Government St.
       Brandon, MS 39042

PLEASE TAKE NOTICE that you have been made a Defendant in the above-referenced action.

You are required to mail or hand-deliver a written response to the Complaint filed against you in this action

to the Attorney for Plaintiffs, Bradley S. Clanton of Clanton Law Firm, PLLC, 405 Tombigbee Street (39201), P.O.

Box 4781, Jackson, Mississippi 39296.

Your response must be mailed or delivered not later than thirty (30) days after the date you receive this

Summons.  If your response is not so mailed or delivered, a judgment of default will be entered against you for the

relief demanded in the Complaint.  You must also file your response with the Clerk of Court within a reasonably time

afterward.

Issued under my hand and seal of said Court, this the 24th day of April, 2019.

MARTIN HANKINS, CIRCUIT CLERK
BY: _____

Issued at the request of:

Bradley S. Clanton
Clanton Law Firm, PLLC
405 Tombigbee Street (39201)
P.O. Box 4781
Jackson, Mississippi 39296
Tel:  601-487-1212
E:  brad@clantonlawms.com
www.clantonlawms.com

## PROOF OF SERVICE - SUMMONS

STATE OF _____
COUNTY OF _____

_____ **FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE**, By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B),

_____ **PERSONAL SERVICE.** I personally delivered copies to _____ on the \_\_\_\_\_ day of _____, 2019, where I found said person(s) in _____ county of the State of _____.

_____ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ county, _____ (state). I served the summons and petition with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and petition, and thereafter on the \_\_\_\_\_ day of _____, 2019, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____ **CERTIFIED MAIL SERVICE.** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attached signed return receipt or the return envelope marked "Refused".)

At the time of service, I was at least 18 years of age and not a party to this action.

PROCESS SERVER MUST LIST BELOW:

Name: _____
Address: _____
_____
Telephone No. _____

STATE OF _____

COUNTY OF _____

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service Summons" are true and correct as therein stated.

_____

SWORN TO AND SUBSCRIBED before me on this the \_\_\_\_ day of _____, 2019.

_____
NOTARY PUBLIC

My Commission Expires:

**Mississippi Electronic Courts**
**Fifteenth Circuit Court District (Lamar Circuit Court)**
**CIVIL DOCKET FOR CASE #: 37CI1:19-cv-00009-AM**

WILLIAMS et al v. COMMUNITY BANK, ELLISVILLE et al

Assigned to: Anthony Mozingo

**Upcoming Settings:**
None Found

Date Filed: 01/28/2019
Current Days Pending: 107
Total Case Age: 107
Jury Demand: None
Nature of Suit: 49 Declaratory Judgment

---

**Plaintiff**
**DENNIS WILLIAMS**

represented by **Bradley Scott Clanton**
Clanton Law Firm, PLLC
P.O. Box 4781
JACKSON, MS 39296
601-454-8794
Email: bradclantonlaw@gmail.com
*ATTORNEY TO BE NOTICED*

**William C. Walter**
William C. Walter, PLLC
140 Mayfair Drive
Suite 400
HATTIESBURG, MS 39402
601-909-9393
Fax: 601-336-1653
Email: bwalter@wcwpllc.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**MARY ANN WILLIAMS**

represented by **William C. Walter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bradley Scott Clanton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**CARRIA WALTER**

represented by **William C. Walter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bradley Scott Clanton**

(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**COMMUNITY BANK, ELLISVILLE**

**Defendant**

**COMMUNITY BANCSHARES OF
MISSISSIPPI, INC.**

**Defendant**

**COMMUNITY OPERATIONS, INC.**

**Defendant**

**SETH MILES AND DOES 1
THROUGH 10**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/28/2019 | 1 | Civil Cover Sheet. (Morrow, Beth) (Entered: 01/28/2019) |
| 01/28/2019 | 2 | COMPLAINT FOR DECLARATORY, INJUNCTIVE AND OTHER OTHER RELIEF (JURY TRIAL DEMANDED) against COMMUNITY BANCSHARES OF MISSISSIPPI, INC., COMMUNITY BANK, ELLISVILLE, COMMUNITY OPERATIONS, INC., SETH MILES AND DOES 1 THROUGH 10, filed by DENNIS WILLIAMS, MARY ANN WILLIAMS, CARRIA WALTER. (Morrow, Beth) (Entered: 01/28/2019) |
| 04/24/2019 | 3 | NOTICE of Appearance by Bradley Scott Clanton on behalf of CARRIA WALTER, DENNIS WILLIAMS, MARY ANN WILLIAMS (Clanton, Bradley) (Entered: 04/24/2019) |
| 04/24/2019 | 4 | SUMMONS Issued to COMMUNITY BANK, ELLISVILLE. (Morrow, Beth) (Entered: 04/24/2019) |
| 04/24/2019 | 5 | SUMMONS Issued to COMMUNITY BANCSHARES OF MISSISSIPPI, INC.. (Morrow, Beth) (Entered: 04/24/2019) |
| 04/24/2019 | 6 | SUMMONS Issued to COMMUNITY OPERATIONS, INC.. (Morrow, Beth) (Entered: 04/24/2019) |

| MEC Service Center |
|---|
| Transaction Receipt |
| 05/15/2019 13:34:12 |

| You will be charged $0.20 per page to view or print documents. | | | |
|---|---|---|---|
| MEC Login: | do3948M | Client Code: | 962-60 |
| Description: | Docket Report | Search Criteria: | 37CI1:19-cv-00009-AM |
| Billable Pages: | 2 | Cost: | 0.40 |